UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:09CV43-J

LEA ANN GOSSER                                                                                          PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                              DEFENDANT

### MEMORANDUM OPINION AND ORDER

Plaintiff Lea Ann Gosser seeks Disability Insurance Benefits which were denied by the Commissioner. This matter was referred to United States Magistrate Judge W. David King who recommends that the case be remanded to the Commissioner for a new decision in which 1) Dr. Reynolds' opinion is considered as a lay opinion and not simply a medical opinion, paying particular attention to the implications of Dr. Reynolds' assertions on the plaintiff's ability to relate appropriately to supervisors, co-workers, and the general public; 2) Ms. Stark's opinion is given some perceptible weight, paying particular attention to her claim that the depressive phase of the plaintiff's bipolar disorder renders her incapable of sustaining daily activities approximately 14 days in a month; and 3) the Commissioner's credibility rationale satisfies the specificity requirements of SSR 96-7p. The Commissioner has filed objections to which the plaintiff has not responded.

The Commissioner's objection to the Magistrate Judge's Report is that the ALJ sufficiently articulated his analysis of Dr. Reynolds' and Ms. Starks' testimony and reasons for rejecting them. The Commissioner concedes that the ALJ did not specify the weight he gave Ms. Starks' testimony or Dr. Reynolds' opinion as a lay witness, despite SSR 06-03p's instructions that ALJs generally should explain the weight given to such opinions. Nonetheless, the Commissioner argues that the finding of no disability itself is an implicit rejection of Dr. Reynolds' and Ms. Stark's lay testimony.

The Court concludes that, pursuant to Lashley v. Secretary, 708 F.2d 1048, 1054 (6th Cir. 1983) and SSR 96-7p, the ALJ should have spelled out his rationale for the weight given to the lay opinion of Ms. Stark and should have similarly analyzed the opinions offered by Dr. Reynolds as lay opinions.

This Court has conducted a de novo review of the Magistrate Judge's report in light of the objections thereto and the record as a whole. The Magistrate Judge's Report is hereby adopted, and its findings and conclusions are incorporated by reference herein.

Accordingly, for the reasons stated herein, IT IS ORDERED:

1) The Magistrate Judge's Report and Recommendation is ADOPTED, and those findings and conclusions are incorporated by reference herein;

2) The final Decision of the Commissioner denying benefits is REMANDED to the Commissioner for a new decision in which A) Dr. Reynolds' opinion is considered as a lay opinion and not simply a medical opinion, paying particular attention to the implications of Dr. Reynolds' assertions on the plaintiff's ability to relate appropriately to supervisors, co-workers, and the general public; B) Ms. Stark's opinion is given some perceptible weight, paying particular attention to her claim that the depressive phase of the plaintiff's bipolar disorder renders her incapable of sustaining daily activities approximately 14 days in a month; and C) the Commissioner's credibility rationale satisfies the specificity requirements of SSR 96-7p.

This is a final and appealable Memorandum Opinion and Order, and there is no just cause for delay.